

# THE CITY OF NEW YORK
## LAW DEPARTMENT

**ZACHARY W. CARTER**
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NY 10007

**Maria DeCastro**
*Assistant Corporation Counsel*
mdecastr@law.nyc.gov
(212) 356-2658
Fax: (212) 356-3559

February 29, 2016

**BY ECF**
Honorable Marilyn D. Go
United States Magistrate Judge
Southern District of New York
225 Cadman Plaza East
Brooklyn, NY 11205

Re: <u>Darnell Underwood, et al. v. City of New York, et al.</u>,
14-CV-7531 (RRM) (MDG)

Your Honor:

I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants City of New York, former Officer Cornejo, Officer Delacruz, Officer Gonzalez, and Sergeant Leonardi, in the above-referenced matter. Defendants write in response to plaintiffs' letter dated February 22, 2015.

On February 22, 2015, plaintiffs' filed a motion asking to have this office disqualified from the representation of Eduardo Cornejo due to an alleged conflict of interest. In the alternative, plaintiffs request that the Court hold a <u>Dunton</u> hearing. Additionally, plaintiffs request that discovery in this matter be stayed pending resolution of the instant motion.

### I. DISQUALIFICATION OF THIS OFFICE

Defendants oppose plaintiffs' motion to disqualify this office from representing defendant Cornejo. Defendants respectfully submit that this case is no different than any other Section 1983 case handled by this office. This office has undertaken its usual procedure to determine whether it has a conflict of interest with the defendants in this case, and our decision to meet with and represent these officers reflects not only our belief that a conflict does not exist, but that we have advised the defendants of the nature of our joint-representation as we are obligated to do.

Plaintiffs have simply failed to meet the high burden necessary to demonstrate a conflict of interest. Accordingly, for these reasons and for the reasons set forth below, defendants respectfully submit that there is no conflict of interest and that the relief requested by plaintiffs is unwarranted.[1]

The disqualification of counsel "is a matter committed to the sound discretion of the district court," derived from its "inherent power to preserve the integrity of the adversary process." Filippi v. Elmont Union Free Sch. Dist. Bd. of Educ., 722 F. Supp. 2d 295, 303 (E.D.N.Y. 2010) (quoting Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990)). The "Second Circuit requires a high standard of proof on the part of the party seeking to disqualify an opposing party's counsel . . . ." Kubin v. Miller, 801 F. Supp. 1101, 1113 (S.D.N.Y. 1992) (citing Gov't of India v. Cook Indus., 569 F.2d 737, 739 (2d Cir. 1978)); accord Occidental Hotels Mgmt. B.V. v. Westbrook Allegro L.L.C., 440 F. Supp. 2d 303, 309 (S.D.N.Y. 2006); Paramount Commc'n, Inc. v. Donaghy, 858 F. Supp. 391, 394 (S.D.N.Y. 1994) (same). Because of their potential for abuse as a tactical device, disqualification motions are subject to particularly strict scrutiny. See Decora Inc. v. DW Wallcovering, Inc., 899 F. Supp. 132, 135 n.2 (S.D.N.Y. 1995) (citing Evans v. Artek Sys. Corp., 715 F.2d 788 (2d Cir. 1983).

Plaintiffs seek to have this office disqualified from the representation of defendant Cornejo. Plaintiffs contend that defendant Cornejo's recent firing places him in an adversarial relationship with defendant City, because defendant City is representing him in this matter and is concurrently fighting to terminate his employment. Plaintiff further contends that the City will avoid indemnifying an officer who has been "publically indicted."

Plaintiffs' arguments are purely speculative. Plaintiffs' contention that defendant City is trying to terminate Cornejo's employment while simultaneously representing him is without merit. Defendant Cornejo has already been fired from the New York City Police Department for reasons entirely unrelated to plaintiffs' arrests, and was not found to have committed any wrongdoing relating to plaintiffs' arrests. Additionally, as of this writing, defendant Cornejo has not brought any employment action related to that termination. Should defendant Cornejo bring an employment action in the future, this office will inform him of the potential conflict and get his consent to continued representation. Thus, there currently exists no adverse relationship between defendant Cornejo and defendant City or any of the individual defendants.

With regard to plaintiffs' argument regarding indemnification, at this point, with the facts and circumstances as we know them, this office has determined that Cornejo was acting within the scope of his employment at the time of the incident and was not in violation of any rule or procedure. Thus, at this stage in the litigation, defendant City believes that it is not only able, but obligated, to represent Cornejo in this action. See N.Y. Gen. Mun. L. § 50-k(3)(Consol. 2001).

---

[1] Although plaintiffs' counsel makes much of the fact that he learned of the criminal case currently pending against Cornejo from the media, defendants strain to see how that is relevant to the instant litigation.

Overall, plaintiffs' entire motion is based on the type of speculation that the Second Circuit has held to be insufficient to meet the high burden of proof required of the party seeking disqualification of opposing counsel. See, e.g., Kubin v. Miller, 801 F. Supp. at 1113 (citing Gov't of India v. Cook Indus., 569 F.2d at 739). Simply put, "[t]he 'possibility that future conflicts of interest may arise does not require disqualification." All Star Carts & Vehicles, Inc., 2010 U.S. Dist. LEXIS at *17 (quoting Draft Racing Technologies, Inc. as D.R.T., Inc. v. Universal City, 02 Civ. 0958 (BSJ) (JCF), 2003 U.S. Dist. LEXIS 6861 (S.D.N.Y. Apr. 24, 2003)).

Quite simply, plaintiffs have failed to put forth any non-speculative evidence demonstrating a conflict between the defendants. Thus, defendants respectfully request that the Court deny plaintiffs' application in its entirety.

## II.  PLAINTIFFS' REQUEST FOR A DUNTON HEARING

Plaintiffs' letter dated January 22, 2016, requests that the Court hold a Dunton hearing, if the Court finds that a conflict has not yet arisen. Defendants respectfully submit that a Dunton hearing in this matter is unnecessary. It is defendants' position that there is no conflict of interest in representing the individually named officers and the City of New York, and therefore, a Dunton hearing is unnecessary. However, if the Court is so inclined, the undersigned can provide multiple representation waivers to the individually named defendants. Thus, defendants respectfully request that the Court deny plaintiffs' application in its entirety.

## III.  PLAINTIFFS' REQUEST FOR A STAY OF DISCOVERY

Defendants oppose plaintiffs' request for a stay of discovery in this matter. The request is nothing more than a dilatory tactic. This is evidenced by the fact that plaintiffs did not go forward with the scheduled depositions of the defendants, which were to take place on February 23, 2016 and February 24, 2016.

Instead, defendants request that the Court extend discovery in this matter from February 29, 2016, until April 29, 2016, for the sole purpose of deposing plaintiff Richard Underwood and seven non-party witnesses, for the reasons set forth below.[2]

### A.  *Deposition of Richard Underwood*

On or about February 2, 2016, the parties agreed to hold plaintiff Richard Underwood's deposition on February 16, 2016. On February 15, 2016, the day before the deposition was to take place, the undersigned received an email from plaintiff's counsel, Robert Marinelli, canceling plaintiff Richard Underwood's deposition. The reason given for the late cancelation was that plaintiff Richard Underwood had to "return to school." In response, on that same date, the undersigned asked Mr. Marinelli when plaintiff Richard Underwood would be

---

[2] Defendants are also awaiting medical releases for treatment that plaintiff Darnell Underwood sought related to the incident and related to his damages in this case. However, plaintiffs' Counsel, Mr. Marinelli, has stated that those releases have been sent in the mail.

available for the rescheduled deposition. By email later that day, Mr. Marinelli stated that plaintiff Richard Underwood was available on February 26, 2016. In response, the undersigned informed Mr. Marinelli that she was not available on the February 26th or February 29th. To date, plaintiff Richard Underwood has not appeared for his deposition or provided alternative mutually convenient dates for his deposition. Thus, the undersigned needs additional time to conduct the deposition of plaintiff Richard Underwood.

### B. *Depositions of Non-Party Witnesses*

On February 8, 2016, this office received a letter from Mr. Marinelli disclosing the names of three non-party witnesses for the first time. Additionally, on February 12, 2016, at the deposition of plaintiff Darnell Underwood defendants learned of at least four other non-party witnesses for the first time. However, to date, the undersigned has been unable to depose those non-parties, because plaintiffs have failed to provide dates on which they are available for the seven non-party witness depositions.

Thus, defendants respectfully request that the Court extend discovery from February 29, 2016, until April 29, 2016, solely for the purpose of conducting plaintiff Richard Underwood's deposition and the depositions of the non-party witnesses. Additionally, defendants respectfully request that the Court compel plaintiff to provide, by March 7, 2016, three dates on which plaintiff Richard Underwood is available to be deposed in this matter, as well as dates on which counsel is available for the depositions of the seven non-party witnesses. Also, defendants respectfully request that the Court compel plaintiff to provide service addresses for non-party witnesses.

## IV. Conclusion

Based on the foregoing, defendants respectfully request: (1) that Court deny plaintiffs' motion to disqualify this office as counsel for defendant Cornejo; (2) that the Court deny plaintiffs' request for a Dunton hearing; and, (3) that the Court extend discovery from February 29, 2016, until April 29, 2016, solely for the purpose of conducting plaintiff Richard Underwood's deposition and the depositions of the non-party witnesses.

Defendants thank the Court for its consideration of the herein requests.

Respectfully Submitted,

/s/
Maria Fernanda DeCastro
Assistant Corporation Counsel

cc: BY ECF
Robert Marinelli, Esq.
*Attorney for Plaintiffs*
305 Broadway, 9th Floor

New York, NY  10007