ROBERT MARINELLI
ATTORNEY AT LAW
305 BROADWAY, 14TH FLOOR
NEW YORK, NEW YORK 10007
(212) 822-1427
Facsimile (212) 202-9646

March 3, 2016

**BY ECF**

The Honorable Marilyn D. Go
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>Underwood, et al. v. City of New York, et al.</u>, No. 14 Civ. 7531 (RRM) (MDG)

Dear Judge Go:

I write further to plaintiffs' request for a conference in anticipation of their motion to disqualify defense counsel and for a discovery stay pending resolution of that motion. This letter constitutes plaintiffs' reply to defendants' response in opposition and incorporates the facts set forth in my letter requesting a pre-motion conference dated February 22, 2016

## A Conflict of Interest Exists

Defendants' claim that this case "is no different than any other Section 1983 case" is absurd. During the pendency of this matter, The City has actively participated in a joint criminal investigation with the FBI into defendant Ernesto Cornejo, resulting in his arrest, and then affirmatively terminated his employment, all without notice to plaintiff and, seemingly, Cornejo's co-defendants.. It is beyond cavil that Cornejo's interests, avoiding an arrest and prosecution and keeping his job and pension, have been in direct conflict with The City's for quite some time. Any assertion that Cornejo's termination ends this conflict is far-fetched and unsupported by law. The conflict that arose has not been resolved, it has merely moved to another level.

## Cornejo's Co-Defendants Will Be Harmed By Joint Representation

It is not merely Cornejo's interests that are at risk. His co-defendants are now being jointly represented by Cornejo's counsel, which necessarily limits their ability to create the appearance of distance from an officer whose own attorney's employers fired for engaging in criminal conduct. At trial, Cornejo will be vulnerable to attacks on his past crimes and current prosecution. Cornejo's co-defendants require counsel that can expressly advance their interests, even if it must come at Cornejo's expense. They need counsel that has free reign to implicate or condemn Cornejo in order to exculpate his co-defendants, so as to keep the taint of Cornejo's

wrongdoing from attaching. By presenting a unified defense, the co-defendants are tethered to Cornejo, whether it is in the interests or not, if only so as to provide the municipal defendant with control over the individual defendants, which suggests an altogether conflict.

Indeed, the City's vigorous opposition to even the most modest of inquiries in the face of such a blatant conflict underscores the municipality's desire to ensure that the City retains control over the arguments that the individuals may offer and the manner in which they choose to testify. By unifying the defense, the Law Department ensures that none of the defendants will seek to offer a spirited defense of his own conduct in any manner that suggests liability on the part of any other party. More to the point, it insulates the defendants from outside counsel who may suggest alternative avenues of defense that improve their individual position at the expense of the City and other co-defendants. Since the City has already indicated its commitment to indemnifying the defendants, the municipality's self-interested focus is on limiting liability and any further inquiries into the City's handling of Cornejo, even if that comes at the expense of each officer's right to a defense that allows him to elevate his interests over the vulnerable and exposed Cornejo. The fact that the City would pick up the tab is a meaningless point; each officer has a right to defend himself fully and fairly against a public finding that he engaged in unconstitutional conduct and the civil judgment that will be entered against him, regardless of who ultimately pays the check.


## At a Minimum a Dunton Hearing Must be Held

There is, and has been for some time, an obvious conflict in the City's joint-representations. The City's assertion that "multiple representation waivers" exist is insufficient. A Dunton hearing will help insure that each defendant has been made fully aware of the hazards of co-representation. As the Second Circuit has held, merely warning individual defendants "that [the] joint representation might create a conflict" is not sufficient. Dunton v. County of Suffolk, 729 F.2d 903, 906 (E.D.N.Y. 1983). This is particularly true when, as is the case here, the conflicts are nuanced and perhaps not easily understood by non-attorneys.

It is also important that the defendants each understand that if they cannot afford to hire their own attorney, The City will hire conflict attorney on their behalf.[1]


## Discovery

Plaintiff will address discovery issues raised by defendant in the parties' joint letter which will be filed on March 7.

---

[1] Defendant Cornejo is indigent, as evidenced by representation by The Federal Defenders in his ongoing criminal case. Moreover, the City routinely hires conflict counsel in cases where they cannot represent multiple individuals but have already agreed to indemnify, as they have here.

Respectfully,

/s/

Robert Marinelli

cc:     **<u>BY ECF</u>**

Maria Fernanda DeCastro, ACC