

**T**HE **C**ITY OF **N**EW **Y**ORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

Maria Fernanda DeCastro
*Assistant Corporation Counsel*
mdecastr@law.nyc.gov
(212) 356-2658
Fax: (212) 356-3559

January 20, 2017

**BY ECF**
Honorable Roslynn R. Mauskopf
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

      Re: <u>Darnell Underwood, et ano v. City of New York, et al.</u>,
          14-CV-7531 (RRM) (PK)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants City of New York, former Officer Cornejo, Officer Delacruz, Officer Gonzalez, Sergeant Leonardi, Lieutenant Nowak, and Detective Segerdahl in the above-referenced matter. In accordance with Section III of Your Honor's Individual Rules, and the December 7, 2016 order of the Honorable Peggy Kuo, defendants write respectfully to request a pre-motion conference in order to discuss their anticipated motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1]

      By way of background, plaintiffs Darnell Underwood and Richard Underwood bring this action pursuant to 42 U.S.C. § 1983, alleging violations of their federal civil rights. Plaintiffs allege, *inter alia*, that on August 5, 2014, they were unlawfully arrested and subjected to excessive force by defendants. Plaintiffs also bring a claim for municipal liability against the City of New York.

    **A. Defendants Delacruz, Gonzalez, Nowak, and Segerdahl are entitled to summary judgment on plaintiff Darnell Underwood's false arrest claim.**

      Probable cause exists when the arresting officer has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of

---

[1] Defendants reserve the right to assert additional points in full briefing on the matter.

reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Weyant v. Okst, 103 F.3d 845, 852 (2d Cir. 1996). An arrest warrant "authorizes the police to deprive a person of his liberty." Dockery v. Tucker, No. 97-CV-3584 (ARR), 2006 U.S. Dist. LEXIS 97826, *67, (E.D.N.Y. Sept. 6, 2006) (citing Steagald v. United States, 451 U.S. 204, 214 n.7 (1981)). Further, under New York law, "[a]n arrest is privileged if it is made pursuant to a lawful warrant." Andersen v. United States, No. 98-CV-4782 (ADS), 2001 U.S. Dist. LEXIS 24469, at *33 (E.D.N.Y. July 20, 2001) (citing Collins v. Brown, 514 N.Y.S.2d 538, 540 (N.Y. App. Div. 3d Dep't. 1987).

Here it is undisputed that there was an active arrest warrant for plaintiff Darnell Underwood at the time of his arrest. Accordingly, when plaintiff was arrested on August 5, 2014, he suffered no infringement of his Fourth Amendment rights as a matter of law, as he did not possess a right to be at large. Banks v. Fuentes, 545 Fed. Appx. 518 (7th Cir. 2013). In light of the foregoing, defendants contend that there was probable cause to arrest plaintiff Darnell Underwood. As a result, summary judgment is warranted on plaintiff Darnell Underwood's false arrest claim.

### B. Defendants Cornejo and Leonardi are entitled to summary judgment on plaintiff Richard Underwood's excessive force claim.

A police officer's application of force will violate the Fourth Amendment if it is objectively unreasonable "in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Maxwell v. City of New York, 380 F.3d 106, 108 (2d Cir. 2004). A plaintiff must establish "through evidence, that the 'alleged use of force is objectively sufficiently serious or harmful enough to be actionable.'" Rincon v. City of New York, No. 03 Civ. 8276, 2005 U.S. Dist. LEXIS 4335, at *11 (S.D.N.Y. Mar. 21, 2005) (quoting United States v. Walsh, 194 F.3d 37, 50 (2d Cir. 1999)). "'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' . . . violates the Fourth Amendment." Graham v. Connor, 490 U.S. 386, 396 (1989). Accordingly, "a *de minimis* use of force will rarely suffice to state a Constitutional claim." Romano v. Howarth, 998 F.2d 101, 105 (2d Cir. 1993).

Here, the twisting of Richard Underwood's arm, for which plaintiff did not even seek medical treatment, is *de minimis*. Consequently, summary judgment is warranted on plaintiff Richard Underwood's excessive force claim.

### C. Defendant City is entitled to summary judgment on plaintiff's municipal liability claim.

To extend liability to the City for an alleged violation, plaintiffs must establish that the City itself was somehow at fault, beyond merely employing an individual who plaintiffs claim violated their rights. Oklahoma City v. Tuttle, 471 U.S. 808, 810 (1985). In order to do that, plaintiffs would have to establish that their constitutional injuries resulted from a policy or practice of the City of New York. Plaintiffs have not been able to affirmatively link any alleged policy to their alleged deprivation of constitutional rights. See Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985), cert. denied, 480 U.S. 916 (1987).

Moreover, plaintiffs only allege a single incident involving actors below the policy-making level. As such, plaintiff's claim for municipal liability must fail as a matter of law. See Curry v. City of Syracuse, 316 F.3d 324, 330 (2d Cir. 2003) ("Under Monell, a municipality may not be held liable under §1983 simply for the isolated unconstitutional acts of its employees.") (internal quotation and citation omitted). Accordingly, plaintiffs' municipal liability claim is without merit, and defendant City is entitled to summary judgment.

Thank you for your consideration herein.

Respectfully submitted,

/s/
Maria Fernanda DeCastro
*Assistant Corporation Counsel*

cc: VIA ECF
Robert Marinelli, Esq.
*Attorney for Plaintiffs*
305 Broadway, 9th Floor
New York, NY 10007